IN THE UNITED STATES DISTRICT FOR THE DISTRICT OF DELAWARE

CHRISTOPHER R. DESMOND,
    Petitioner,

v.

THOMAS CARROLL, Warden,
Delaware Correctional Center
M. Jane Brady, Attorney General
State of Delaware.

Civ. Act. No. 96-327 _____ 2005

FILED
SEP 2 8 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RECEIVED
SEP 2 2 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PETITION TO RECALL DISTRICT COURT'S OPINION
IN PETITIONER' HABEAS CORPUS PETITION RULE 60(b)

Petitioner Christopher R. Desmond, hereby respectfully moves this Honorable Court Pursuant to Rule 60(b). Balark v. City of Chicago, 81 F.3d 658, 663 (CA7 1996)
Rule 60(b) does not premit challenges to the underlying conviction on the basis of mistake, excusable neglect, or changes in intervening law; rather, it provides a mechanism for correcting egregious errors only within the Habeas process itself.
The petitioner's case offers a textbook example of a circumstance in which the availability of Rule 60(b) relief is critical: Cases in which a district court's legal error did foreclose a Habeas petitioner from ever receiving a hearing on the merits of his underlying claims.
In Desmond v. Snyder, civ. Act. No. 96-327-GMS " The Court held petitioner failed to overcome the state procedural bar rules" id. at 6. However the last state court did not relie on any state procedural bar rule to deny petitioner's Appeal on the postconviction motion. (A-1) This was an egregious error by the District Court in deciding the issues in the Habeas Corpus Petition, Because the supreme court never denied the appeal based on any state procedural rule which would have barred this Court's review, Coleman v. Thompson, 501 U.S. 722, 735, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)." A procedural defualt based on an ambiguous order that does not

clearly rest on independment and adequate state grounds is not sufficient to preclude federal collateral review." Morales v. Calderon 85 F.3d 1387,1392 (9th Cir. 1996). The Delaware Supreme Court's failed to specify which claims were barred for which reasons. Coleman, 501 U.S. at 735, 111 S.Ct. at 2546. Therefore the District Court erred in finding a procedural defualt as to One, Five, Six, and the Seventh claims for relief in petitioner's Habeas Corpus petition.

In Claim one petitioner claimed he was denied his Sixth Amendment Right under the Constitution to proceed pro-se before trial, a fact the United States magistreate Judge concluded he established " Cause" for the procedural default, and petitioner claimed he needed not establish " Prejudice" to that denial.Flannagan v. United States, 465 U.S. 259,269 (1984); Arizona v. Fulminante, 499 U.S.279,309 310 (1991). " A structual defect" in the trial process. Petitioner showed he was denied a fundamental Constitutional Right which if reviewed Could not be denied by the District Court under any procedural Rule State or Federal.Fulminante, at 465 U.S. at 309-310. Once petitioner showed "cause" to the Court.

Erroneous Dismissal of petitioner's petition based on the Habeas Court's

## Misreading of the Habeas Law

The law governing a prisoner's ability to seek federal habeas relief is complex particulary as it applies to such issues as procedural defualts, exhaustion, and the presence of adequate and indeptentment state grounds for rejection of a defendant's federal constitutional claims.The passage of AEDPA added some additional intricacies. Thus, it is hardly surprising that district courts occasionally misconstrue these various requirments and dismiss heabeas petitions as being procedurally barred even when the court address the issue on the merits.

## PETITIONER'S RULE 60(b)(1) MOTION

The Court can provide relief under Rule 60 (b) if the court's legal error resulted in a mistaken dismissal of a habeas petition on procedural grounds whitmore v.Avery,

179 F.R.D. 252 (D.Neb.1998)In that case,the district court concluded that in a prior

ruling,it had wrongly dismissed whitmores habeas petition without reaching the merit

because the court had misconstrued the nature of his claim. id. at 259 n.4 ( the petitioner's case should not have been dismissed at all, since his claim was not of type that either had to be exhausted or could be exhausted.") Thus, the court must conclude that petitioner's motion is not a second petition for habeas corpus,seeking review of its earlier, legally erroneous ruling, but as a rule 60 (b) motion seeking relief from the court's "error."

## ERROREOUS DISMISSAL BASED ON LOGISTICAL SNAFUS

The court can reopen habeas proceedings which like the case at bar, the court holds a petitioner to a procedurally barred claim throught no fault of his own-because of logistical snafus.In the case at bar petitioner esablished " CAUSE" for the procedural defualt in state Court.Desmond v.Snyder, 96-327,slip. op.at6-7 (D.Del.July 22. 1997).The District Court's erroreous dismissal came in two forms,First holding the petitioner had to overcome a State procedural bar rule 61(i);And second by holding him to a standard of "prejudice" not reqired under the Constitutional Supreme Court decisions in Fulminante, 499 U.S. 309-310; Flannagan, at 465 U.S. 259,at 269.The petitioner was truly without fault,therefor Rule 60(b) can be used to vacate the judgment of dismissing the habeas petition, therby permitting this petitioner to pursue his claims for relief. Buhl v. Cooksey, 233 F.3d 783, 806 ( 3rd Cir. 2000)

## Procedural defualts produced by petitioner's reasonable reliance on habeas Court's representation reguarding the law

The Court can reopen a judgment when there is a situation in which the district court erroreneous reprentation of the law leads a heabes petitioner to take action that resulted in his claims being dismissed. Rule 60(b) In such cases, court's have found that a petitioner's good faith reliance on the advice Constitutes an exceptional circumatance that warrents reopening the case to pursue a miscarriage of justice.

The below cited cases fall under either Rule 60(b)(1)(court's misake) or Rule 60 (b)(6), as an extraordinary circumstance that would lead to an injustice.
Johnson v.Lehman, 2004 WL 1368815 (E.D. Pa. June 15,2004),Is illustrative. Johnson

voluntarity dismissed his habeas petition without prejudice " at the Court's urging"
to exhaust the state remedies on all claims. id. at 3. the dismissal was
" explicitly" premised on the concession by the government that after exhausting
state remedies, petitioner could refile his habeas petition, and it would be
treated as a successive petition under AEDPA," Id. at 2. Johnson Subsequently
filed a 60(b) motion to reopen the dismissal order dismissing his petition, which
the court granted. Rejecting the state's contention that Rule 60(b) motion's are
"unavailable to vacate a final judgement in habeas actions." Id. at 1, the court
reasoned that relief was appropriate in light of johnsons " reliance on the
express instructions of the court" and subsequent circuit precedent holding that
a stay rather than dismissal was the " approprite course of action" in cases such
as johnson's Id. at 10-11.

 Other cases presenting similar circumstance are Short v. Roe, 2003 WL 21259795
( CA may 28, 2003)(granting Rule 60(b) motion because petitioner sought remedy
which was subsequently foreclosed by intervening authority); Devino v.Duncan,
215 F.Supp. 2d 414 (S.D. n.y. 2002)(granting Rule 60(b) motion because the court
had suggested that petitioner would retain the ability to refile his petition,
but he was later barred from doing so); And, Funderbird-Day v.Artuz, 2002 U.S.
Dist. LEXIS 20839 S.D.N.Y. Aug. 28,2002)(presenting situation similar to Devino).
Thus, as far as petitioner is aware from the cases in which courts have granted
RULE 60(b) motions involved Flaws that infacted the habeas proceedings itself,
rather than problems in the underlying criminal cases.Thus, petitioner's Rule 60
(b) motion highlights the shortcomings of the court's decision in Desmond v.
Snyder, civ. act. No.# 96-327-GMS (Nov.16,1999). And the principle outlined
above are clearly covered by the plain language of Rule 60(b) which would invol
ve errors by the district court in the process as opposed to the substance of
resolving the case.

 The facts of this case are so unique, and compelling, that they militate
strongly in the court preserving Rule 60 (b) as a safely vave for exceptional
cases. Montalvo v. Portuondo, 2001 U.S. Dist. LEXIS 10686 (S.D.N.Y.july 2001)
As the one at bar.

## FLAWED REASONING

The district court decision in Desmond v. Snyder, is clearly flawed by the standards set out in 28 U.S.C.A. ss 2254. FIRST, the last state court, Delaware Supreme court did not held petitioner procedurally barred. SECOND, once the court established "CAUSE" for petitioner's claim of denial of his Sixth Amendment Right to self-representation, the court had NO OTHER CHOICE. but, to grant the petition under the Structural defect standard established by the U.S. Supreme Court and followed by the third Circuit in Buhl v. Cooksey, 233 F3d 789, at 800-01-806-07 (3rd cir. 2000). Reguardless, of pretrial supression hearing motion. Lorick, 753 F2d at 1299, (defendant's sueccessfully renewed his request at the opening of trial proceedings); United States v. Baker, 84 F.3d 1263, 1267 (10th Cir. 1996) (request for advisory counsel did not cause defendant to waive right to proceed pro-se). The petitioner's objections to trial counsel failures and trial court's denial are part of the reasons for this court's establishing "cause" for the state court's defualt. The district court's standard in Desmond is contrary to clearly established Supreme court, and federal Court preactice. Moreover, burdens this petitioner with a standard different from other defendants, thereby violating his Due Process Rights under the Constitution. Rule 60(b) represents congress's attempt to strike a delicate balance between preserving the finality of judicial outcomes and the desire to ensure justice in individuals cases, even when that justice can only be obtained by revisiting and otherwise settled decision.

Respondents may contend that petitioner's Due Process Rights are not in violation, if the court impropertly dismissed his petition based upon the law as it than existed. That is not the case here, since the controlling law at time of the district court's incorrect dismissal was the same as it is today the same as it has been since AEDPA was adepted; ss 2254 (d)(2). Petitioner argues the court's dismissing a facially meritorious first habeas petition in violation of existing law suspends the writ and denies the due process right to have statutory habeas corpus review.

The interest in finality of habeas litigation is not absolute, as the respondents may want to claim in the court, or want the court to presume. The United States Supreme Court made that point recently in Rhines v.Weber, 544 U.S.____, 125 S.Ct 1528 (2005), addressing the instance in which requirements of habeas law and orders of the court " Unreasonably impair the prisoners right to relief," id.at 1535. On " Claims that are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." Rhines, 125 S.Ct. at 1535. In such cases the court found " petitioner's interest in obtaining federal review of his claims outweight the competing interest in finality and speedy resolution of federal petitions." Id.

Rhines, is instructive here, where the interplay of AEDPA and mistaken court ruling deprived petitioner of his right to have his exhuashed timely-filed and facialy meritorious claims heard and decided. 28 U.S.C.A. 2254 (" A distrct court shell entertain an application for writ of habeas corpus" that is timely filed,has exhausted claims, and upon which remedies are unavailable or in- effective). Likewise, he was erroneously deprived of an appeal of that erron- eous judgment due to erroneous witholding of a CERTIFICATE OF APPEALABLILITY as to the distict court's misinterpretation of his Sixth Amendment Right to self- representation at trial claim and direct appeal claims. Petitioner repeated the process again which was denied by the court of appeals, the court's misinter- pretation of AEDPA and erroneous court ruling" unreasonablly impaired the petitioners right to relief" on a timely-filed claim that are potentially meritorious," and were presented without dilatory tactics by petitioner. Rhines, 125 S.Ct. at 1525. Due to these breakdowns in the ordinary functioning of the court's, petitioner did not receive a full and fair determination of his claims and the judgment in his case lacks the integrity to finality.

## CONCLUSION

WHEREFORE, Petitioner,Christopher R.Desmond, hereby respectfully moves the Honorable Court to Recall its decision in Desmond v. Snyder, Civil Action

No.# 96-327-GMS (Nov.16, 1999)(order)(D.Del.) Because of the FLAWED resoning which has CAUSED him to suffer a Fundamendal Miscarriage of Justice.

Date: Sept. 19, 2005

*Christopher R. Desmond*
Christopher R. Desmond Pro-se
Delaware Correctional Center
1181 Paddock Road
Smyrna Delaware 19977

## Certificate of Service

I, _Christopher R. Desmond_, hereby certify that I have served a true and correct cop(ies) of the attached: _Petition to Recall / motion under Rule 61(b)_ upon the following parties/person (s):

TO: _Clerk_
_U.S. District court_
_844 King Street_
_Wilmington Delaware_
_19801_

TO: _Thomas E. Brown_
_Deputy Attorney General_
_820 North French Street_
_Wilmington Delaware_
_19801_

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this _19_ day of _Sept._, 2005

_Christopher R. Desmond_ (signature)