IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER R. DESMOND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 96-327-GMS |
| ) | |
| ROBERT SNYDER, ) | |
| Warden, and Attorney General ) | |
| of the State of ) | |
| Delaware, ) | |
| ) | |
| Respondents. ) | |

### ORDER

At Wilmington this 5th day of April, 2006;

IT IS ORDERED that:

*Pro se* petitioner Christopher R. Desmond's "Motion for Reconsideration Under Rule 60(b)[1 and 6]" of the court's November 16, 1999 Order dismissing his habeas petition is DENIED.[1]  (D.I. 65.)

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 125 S.Ct. 2641, 2645 (2005).  A court may grant a Rule 60(b) motion only in extraordinary circumstances.  *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).  Additionally, although a motion asserted pursuant to Rule 60(b)(6)

---

[1]Desmond filed a second habeas petition on October 2, 2002, which the Honorable Joseph J. Farnan, Jr. denied as second or successive.  *See Desmond v. Carroll*, Civ. A. No. 02-1501-JJF, Order (D. Del. Oct. 2, 2002).  On August 12, 2003, the Third Circuit Court of Appeals denied Desmond's application to file a second or successive habeas petition.  (D.I. 64.)

will be considered timely if it is made within a reasonable time after the judgment or order was entered, a Rule 60(b)(1) motion will be time-barred if made more than one year after the judgment or order was entered. *See* Fed. R. Civ. P. 60(b).

Finally, when a habeas petitioner files a Rule 60(b) motion after the dismissal of a federal habeas petition, a federal court must first determine whether the motion constitutes a second or successive habeas petition requiring prior approval by the appropriate court of appeals. *Pridgen v. Shannon*, 380 F.3d 721, 726 (3d Cir. 2004). The United States Supreme Court has held that a Rule 60(b) motion that challenges "some defect in the integrity of the federal habeas proceedings" should not be treated as a second or successive habeas petition. *Gonzalez*, 125 S.Ct. at 2649. As explained by the Third Circuit Court of Appeals, if the Rule 60(b) motion attacks the "manner in which the earlier habeas judgment was procured and not the underlying conviction," then the Rule 60(b) motion may be considered on its merits. *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004)

After reviewing Desmond's motion with respect to the aforementioned principles, the court concludes that Desmond has presented a "true" Rule 60(b) motion. Desmond challenges the court's "egregious error" in denying claims one, five, six, and seven of his 1996 habeas petition as procedurally barred from federal habeas review. (D.I. 66, at 1-2.) Specifically, he argues that the last state court to review the four claims did not clearly rely on a state procedural rule in denying them, therefore, this court erred in finding a procedural default. Thus, because Desmond's Rule 60(b) motion challenges the "manner in which the earlier habeas judgment was procured," the court will consider it on the merits.

Nevertheless, Desmond's Rule 60(b) motion, presented pursuant to both Rule 60(b)(1)

and (6), does not warrant reconsideration of the court's dismissal of Desmond's initial habeas petition. First, the court denied Desmond's first habeas petition in November 1999 and therefore, he is time-barred from presenting a Rule 60(b)(1) motion. Second, even if the motion is not time-barred under Rule 60(b)(6), Desmond has failed to present an extraordinary circumstance to justify relief. Desmond contends that the Delaware Supreme Court's opinion denying his claims as procedurally barred was ambiguous because it failed to specify "which claims were barred for which reasons." However, the Delaware Supreme Court denied the claims "for the same reasons set forth in the Superior Court's decision denying relief," *Desmond v. State*, 1996 WL 145818, at *1 (Del. Mar. 8, 1996), and the Delaware Superior Court denied the four claims at issue as procedurally barred under Delaware Superior Court Criminal Rule 61(i)(3). *State v. Desmond*, 1995 WL 717628 (Del. Super. Ct. Nov. 16, 1995). It is evident that the Delaware Supreme Court clearly determined the four claims at issue were procedurally barred by Rule 61(i)(3). Accordingly, Desmond's Rule 60(b) motion is denied because the court's dismissal of Desmond's first habeas petition was not based on an erroneous finding of procedural default.

UNITED STATES DISTRICT JUDGE