IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHRISTOPHER R. DESMOND
    petitioner,

v.

ROBERT SNYDER, Warden,
and Attorney General of
the State of Delaware,
    Respondents.

Civil Action No. 96-327-GMS

PETITION FOR AMENDMENT OF JUDGEMENT
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 59(e)

FILED
APR 1 3 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

The petitioner respectfully moves the Honorable Court pursuant to Federal Rules of Civil Procedure 59 (e) to amend the Court order denying his Rule 60(b) motion based upon the Court's failure to address a substantial issue in the proceeding of the Court holding petitioner to a different standard of proof in his habeas corpus petition then the third Cir.did in Buhl v.Cooksey, 233 F.3d 783,806 (3rd Cir.2000) The decision in Buhl v.Cooksey,stated a petitioner need not establish " Prejudice" when he is denied his Sixth Amendment Right to self representation. This Court held in Desmond v. Snyder, petitioner failed to establish "Actual Prejudice" in being denied his right to self representation. Id. Petitioner claimed in his Rule 60(b) Motion this Constitute's " Extraordinary Circumstance " leading to a miscarriage of justice. Here the Court's holding petitioner to " Prejudice" standard was a erroneous representation of the law which lead to the dismissal of petitioner's Habeas Corpus petition.Johnson v. Lehman, 2004 WL 1368815 (E.D. Pa. June 15,2004)

EXTRAORDINARY CIRCUMSTANCES
------------------------------

A careful analysis of the evolution of Habeas filings restictions reveal import tant priinciples. The most important is the enduring concept that habeas petitioner's are entitled to at least ONE valid review on the merits of his

Page 1

challenge to the legality of his detention. Woodford v. Garceau, 538 U.S. 202, 207 ( 2003)( Holding that the essence of a claim for habeas relief is a request for review on the merits); Lonchar v. Thomas, 517 U.S. 314 324 (1996)( stating that dismissal of first habeas denies petitioner protection of the writ).The evolving restrictions on habeas litigation carved out limited circumstances in which a petitioner could be denied merits review, namely unexcused procedural defualted and abuse of -the-writ. Sawyer, 505 U.S. at 338. And after the first merit review of petitioner's claims, the petitioner was not entitled to duplicative merit review. Kuhmann, 477 U.S. at 541.

Given this evolution it is clear that a ban on " Successive Applications" is not ment to disallow Rule 60(b) motions. A successive application is a petition, filed after a valid merit review, which seeks to relitigate the merits of petitioner's Substantive claims challenging his dentention. A Rule 60 (b) motion does not seek to relitigate the merits of a claim, But rather asserts that he never received a valid merit review, either because as in the case at bar, the district judge, through error, refused to consider the merits, as in petitioner's case, or because the decision on the merits lacked integrity. Abdur'Rahman v. Bell, 537 U.S. 88, 95-96 (2000)( " A Rule 60(b) motion is disigned to cure procedural violation in an earlier proceeding-here a habeas proceedings that raised question about that proceedings integrity.")

A Rule 60(b) motion contest the integrity of etiology of the district court's final judgment; it does not revisit Constitutional issues already resolved on the merits. Abdur'Rahman, 392 F.3d at 179; Rodriguez v. Mitchell, 252 F.3d 191.199 ( 2nd Cir. 2001); Rodwell v. pepe, 324 F3d 66,71 ( 1st Cir. 2003). Consequently, permitting 60(b) petitioner the chance to obtain a true FIRST MERIT review is completely consistent with ss 2244(b)(1)'s ban on " Success ive application," which see to provent dulicative merit reviews.

The ony petitioner not entitled to a merit review are those who, though their own unexcused behavior have defualted or failed to raise available claims. McCleskey v.Zant, 499 U.S. at 409. By contrast, Rule 69(b) petitioner had abided by the required procedures,But were unable to obtain a true merits review, not because of their unexcused culpable behavior, but rather because

Page 2

of some EXTAORDINARY CIRCUMSTANCES. Liljeberg v. Health Ser, Acquisition Corp. 486 U.S. 847,863-64 (1988)( holding that rule 60 (b)applies in extraordinary circumstances). Thus, in banning " Successive application" congress did not mean to proclude faultless petitioner's from obtaining relief from gross un-just habeas judgments. United States v. Beggerly, 524 U.S. 38,46 (1988)( holding that Rule 60(b) is ment to remedy gross injustices).

In addition, Rule 60(b) review does not implicate any state procedurally defaulted claims, as this court erroroneously held in its April 5, 2006 decision. Rule 60 (b) challenges the federal district court's review as tainted by extraordinary circumstances, therefore, any state procedurally defaulted claims have no application to the Rule 60(b) petitioner. The immediate objective of Rule 60 (b) motion is not to secure release from detention, but " Merely to reinstate thr prrviously dismissed Habeas petition, opening the way for further proceedings. Abdur'Rahman, id. 392; Rodriguez, 252 F.3d at198. The petitioner's Rule 60(b) motion suggest to this Court that its earlier judgment in Desmond v. Snyder, rest on a defective foundation. And more importantly, permissible grounds for Rule 60(b) motion are distinct from grounds raised in any petition for habeas relief, whether original or successive. The habeas petition asserts that a prisoner is in prison in violation of the Constitution or laws treaties of the United States, 2254 (a), as a result of federal Constitutional defects that occurred in the State criminal process. id. 392 F3d at 179-80. In Contrast, Petitioner's Rule 60 (b) motion issues dealing with the irregularity of this Court's decision (only).

The proper Rule 60(b) Motion, which this Court Ruled petitioner filed a " true" Rule 60(b) motion which deals with a procedural Defect in this Court's rejection of his Habeas Corpus Petiton containing The argument about his Sixth Amendment Right To proceed PRO-SE in his State Criminal trial and direct appeal, which this Court stated petitioner established "CAUSE" for the State procedure default, and the United States Supreme Court and Third Cir. has repeatly held a criminal defendant need not establish " prejudice"

Buhl v. Coolsey, 233 F.3d 783,803.

Therfore, a Rule 60(b) motion challanges not the Constitutionally of the underlying criminal proceedings, But rather the integrity of this Court's decision. Rule 60(b)(6) allows Court's to reopen judgments for " any other reason justifyinf relief from the operation of the judgment." Federal rules of Civil Procedures 60(b)(6). The law is well-settled that Rule 60(b)(6) applies only in truly EXCEPTIONAL OR EXTRAORDINARY CIRCUMSTANCES. Liljeberg, 486 U.S. at 863. Wherefore, Rule 60(b)(6) is the proper vehicle when the record reveals that the district court's procedure decision was erroroneous and that error deprived the petitioner of any merits review as in the case at bar.

Petitioner presents an extraordinary circumstances that properly provides the basis for Rule 60(b)(6) relief. The CLARIFICATION IN LAW IN THE INSTANT CASE EVIDENCES A DEFECT NOT IN THE UNDERLYING STATE PROCEEDING,BUT IN THIS COURT'S DISMISSAL OF HIS HABEAS PETITION ON FEDERAL PROCEDURAL GROUNDS. DOES A HABEAS PETITIONER HAVE TOO ESTABLISH " PREJUDICE" AFTER BEING DENIED HIS SIXTH AMENDMENT RIGHT TO SELF-REPRESENTATION. BULH v. COOKSEY, states not, This Court states otherwise in dismissing his petition.

Therefore, petitioner has established " Exceptional Circumstances" for the purposes of Rule 60(b)(6), Not a case of Run-of-the-mill legal error, because this Court's erroneous procedural ruling deprived him of any opportunity to obtain federal review of the merits of his claims that his detention is unconstitutional.

There is NO unequivocal bar to an untimely Rule 60(b) motion merit review. WHEREFORE, Petitioner respectfully moves this Court to Amend the April 5, 2006 (order) denying his TRUE Rule 60 (b) motion. Based upon the enclosed arguments entitling him to relief.

Christopher R.Desmond Pro-se
Delaware Correctional Center
1181 Paddock Road
Smyrna Delaware 19977

Date April 10, 2006

C/C Thomas e. Brown
    Deputy Attorney General
    820 N. French Street
    Wilmington Delaware 19801



U.S.M.S.
X-RAY

Clerk
U.S. District Court
844 N. King Street
Wilmington, Delaware
19801

I/M Chris Desmond
SBI# 160360  UNIT 22
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977