IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER R. DESMOND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 96-327-GMS |
| | ) | |
| ROBERT SNYDER, | ) | |
| Warden, and Attorney General | ) | |
| of the State of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

## M E M O R A N D U M

### I.     INTRODUCTION

In 1992, a Delaware Superior Court jury convicted Desmond on multiple counts of first

degree robbery, possession of a deadly weapon during the commission of a felony, second degree

conspiracy, possession of a deadly weapon by a person prohibited, theft, and third degree escape.

His convictions were affirmed on direct appeal. *See Desmond v. State*, 654 A.2d 821 (Del.

1994).

In 1996, Desmond filed a petition for a writ of habeas corpus, which this court denied.

*See Desmond v. Snyder*, 1999 WL 33220036 (D. Del. Nov. 16, 1999). Desmond filed a notice of

appeal, and the Third Circuit Court of Appeals declined to issue a certificate of appealability.

(D.I. 62)

In 2002, Desmond filed a second petition for habeas relief, which the Honorable Joseph J.

Farnan dismissed for lack of jurisdiction because it was second or successive. *Desmond v.

Carroll*, Civ. A. No. 02-1501-JJF, Order (D. Del. Oct. 2, 2002). In 2003, Desmond filed an

application for permission to file a second or successive habeas petition, which the Third Circuit

Court of Appeals denied. (D.I. 64)

In 2006, Desmond filed a Rule 60(b) motion for reconsideration in this case, arguing that

claims one, five, six, and seven of his 1996 habeas petition should not have been dismissed for

being procedurally barred. The court denied the Rule 60(b) motion. (D.I. 68) Desmond

appealed that decision, and the Third Circuit Court of Appeals denied Desmond's motion for a

certificate of appealability. (D.I. 72; D.I. 80) Desmond also filed in this court a Rule 59(e)

motion for reargument (D.I. 69) regarding the denial of his Rule 60(b) motion, which this court

denied. (D.I. 78)

Presently pending before the court is Desmond's second Rule 59(e) motion for

reconsideration of the court's 1999 denial of his habeas petition. (D.I. 81) Desmond contends

that the dismissal of his habeas petition should be reconsidered pursuant to *Martinez v. Ryan*, 132

S.Ct. 130 (2012).

## II.    STANDARD OF REVIEW

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e)

or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule

59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v.*

*Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance, Rule 59(e) is "a device to relitigate the

original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337

F.3d at 288. The moving party must show one of the following in order to prevail on a Rule

59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new

evidence that was not available when the court issued its order; or (3) the need to correct a clear

2

error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).   A motion filed pursuant to Rule 59(e) must be filed no later than twenty-eight days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e).

In contrast, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances*, Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). Notably, a motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied the petitioner's federal habeas petition, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the appropriate

3

court of appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## III.    DISCUSSION

In the instant motion, Desmond cites *Martinez*[1] to support his contention that the Superior Court's failure to appoint counsel during his initial Rule 61 proceeding *per se* constitutes cause for his procedural default of claims one, five, six, and seven.  As such, he argues that the court should review the claims on their merits.

Desmond filed the instant motion for reconsideration more than ten years after his habeas petition was denied.  Therefore, to the extent the motion is filed pursuant to Rule 59(e), it is clearly time-barred.  *See* Fed. R. Civ. P. 59(e).

To the extent the court should treat the pending motion as filed pursuant to Rule 60(b), the court concludes that it is a "true" Rule 60(b) motion because Desmond's *Martinez* argument attacks the integrity of the court's decision to deny claims one, five, six, and seven as procedurally barred.[2]  However, this construction of the motion does not aid Desmond in his

---

[1]In *Martinez*, the Supreme Court held for the first time that the ineffective assistance of counsel during initial collateral review proceedings, or the failure to appoint counsel during initial collateral review proceedings, may establish cause sufficient to excuse a procedural default of a **claim of ineffective assistance of trial counsel**, when, under state law, claims regarding trial counsel's ineffectiveness can only be raised for the first time in initial collateral proceedings. *Id.* (emphasis added).

[2]As the court explained when it denied Desmond's original habeas petition, Desmond presented claims one, five, six, and seven to the Delaware Superior Court in a Rule 61 motion. The Superior Court denied claim one as procedurally defaulted under Rule 61(i)(3) because he did not raise the claim during his trial or on direct appeal.  The Superior Court denied claims five, six, and seven as procedurally barred under Rule 61(i)(4) for being repetitive, because the same arguments were rejected on direct appeal.  The Delaware Supreme Court affirmed the

quest for relief. First, *Martinez*'s limited exception to the procedural default doctrine is inapplicable to Desmond's case, because the four procedurally defaulted claims (claims one, five, six, and seven) at issue were not ineffective assistance of trial counsel claims. And second, the circuit courts considering the impact of *Martinez* on Rule 60(b) motions have consistently held that *Martinez* cannot constitute "extraordinary circumstances" justifying relief under Rule 60(b), because *Martinez* did not establish a new rule of constitutional law. *See Stroll v. Johnson*, 2013 WL 6074160, at *1 (3d Cir. June 11, 2013)(in the context of a Rule 60(b) motion); *Adams v. Thaler*, 679 F.3d 312, 320 (5th Cir. 2012)(in the context of a Rule 60(b) motion); *see also Pagan-San Miquel v. United States*, 736 F.3d 44 (1st Cir. 2013)(holding that *Martinez* did not announce a new rule of constitutional law permitting a petitioner to avoid the gate-keeping bar to second or successive habeas petitions); *Jones v. Ryan*, 733 F.3d 825 (9th Cir. 2013)(in the context of a second or successive petition).

Given these circumstances, Desmond has failed to persuade the court that it should reconsider its earlier denial of claims one, five, six, and seven as procedurally barred. Accordingly, the court will deny the instant motion for reconsideration.

## IV.    CONCLUSION

For the aforementioned reasons, the court will deny Desmond's motion for reconsideration. In addition, the court will not issue a certificate of appealability, because Desmond has failed to make a "substantial showing of the denial of a constitutional right." 28

---

Superior Court's judgment. This court ultimately denied claims one, five, six, and seven because Desmond did not demonstrate any cause for, or prejudice resulting from, his default.

U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir.  1997); 3d Cir. LAR 22.2
(2011).  A separate order will be entered.


_Dec 19, 2013_
      DATE

CHIEF, UNITED STATES DISTRICT JUDGE

6