IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER R. DESMOND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 96-327-GMS |
| | ) | |
| ROBERT SNYDER, | ) | |
| Warden, and Attorney General | ) | |
| of the State of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

**I.     INTRODUCTION**

In 1992, a Delaware Superior Court jury convicted Desmond on multiple counts of first degree robbery, possession of a deadly weapon during the commission of a felony, second degree conspiracy, possession of a deadly weapon by a person prohibited, theft, and third degree escape. His convictions were affirmed on direct appeal. *See Desmond v. State*, 654 A.2d 821 (Del. 1994).

In 1996, Desmond filed a petition for a writ of habeas corpus, which this court denied as meritless. *See Desmond v. Snyder*, 1999 WL 33220036 (D. Del. Nov. 16, 1999). Desmond filed a second petition for habeas relief, which the Honorable Joseph J. Farnan, Jr. dismissed for lack of jurisdiction because it was second or successive. *See Desmond v. Carroll*, Civ. A. No. 02-1501-JJF, Order (D. Del. Oct. 2, 2002). On August 13, 2003, the Court of Appeals for the Third Circuit denied Desmond's application to file a second or successive habeas petition. *See In Re Desmond*, Civ. A. No. 03-2416, Order (3d Cir. Aug. 13, 2003).

Thereafter, Desmond filed in this case a Rule 60(b) motion for reconsideration of the 1999 denial of his first habeas petition, arguing that claims one, five, six, and seven of his 1996 habeas petition should not have been dismissed for being procedurally barred. This court denied the Rule 60(b) motion. *See Desmond v. Snyder*, Civ. A. No. 96-327-GMS, Order (D. Del. Apr. 5, 2006). The Third Circuit Court of Appeals denied Desmond's motion for a certificate of appealability with respect to that decision. *See Desmond v. Snyder*, Civ. A. No. 06-2359, Order (3d Cir. Nov. 30, 2006).

In 2013, Desmond filed a Rule 59(e) motion for reargument, which this court denied. *See Desmond v. Snyder*, Civ. A. No. 96-327-GMS, Memorandum Order (D. Del. Dec. 19, 2013). The Third Circuit Court of Appeals denied Desmond's motion for a certificate of appealability with respect to that decision. *See Desmond v. Snyder*, Civ. A. No. 14-1005, Order (3d Cir. May 29, 2014), and then denied his petition for rehearing. *See Desmond v. Snyder*, Civ. A. No. 14-1005, Order (3d Cir. June 24, 2014).

Presently pending before the court is Desmond's motion to reopen the court's 2013 decision denying his Rule 59(e)/Rule 60(b) motion. (D.I. 93) Desmond filed the motion to reopen pursuant to Federal Rules of Civil Procedure 59(e) or 60(b)(6). *Id.*

## II. STANDARD OF REVIEW

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337

F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion filed pursuant to Rule 59(e) must be filed no later than twenty-eight days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e).

In contrast, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances, *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). Notably, a motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied the petitioner's federal habeas petition, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the appropriate court of appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## III.  DISCUSSION

In December 2013, the court denied Desmond's Rule 59(e)/Rule 60(b) motion for two reasons: (1) the rule articulated in the United States Supreme Court decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) decision does not apply to his original claims that were denied for being procedurally defaulted; and (2) the *Martinez* decision does not constitute an "extraordinary circumstance" justifying relief under Rule 60(b). In an order dated May 29, 2014, the Third Circuit denied Desmond's request for a certificate of appealability with respect to the court's December 2013 decision, explicitly noting that Desmond "did not demonstrate that *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) constitutes an extraordinary circumstance [], or that he was harmed by the District Court's failure to entertain his claims. []" (D.I. 92)(internal citations omitted) Less than one month later, on June 12, 2014, the Third Circuit issued a decision in *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014) discussing whether or not the *Martinez* decision constitutes an "extraordinary circumstance" for Rule 60(b)(6) purposes. Notably, the Third Circuit declined to "adopt a *per se* rule that a change in decisional law [such as *Martinez*], even in the habeas context," was inadequate to constitute an "extraordinary circumstance" for Rule 60(b) purposes. *Id*. at 124. Rather, it explained that a district court should employ a "flexible, multifactor approach to Rule 60(b) motions . . . that takes into account all the particulars of a movant's case."

4

*Id.* at 122.

In the motion to reopen presently pending before the court, Desmond contends that the *Cox* decision demonstrates that the court erroneously denied his Rule 59(e)/Rule 60(b) motion in December 2013 on the basis that the *Martinez* decision does not constitute an "extraordinary circumstance" justifying relief under Rule 60(b). Desmond then proceeds to re-assert the same *Martinez*[1] argument he raised in the 2013 Rule 59(e)/Rule 60(b) motion, namely, that the Superior Court's failure to appoint counsel during his initial Rule 61 proceeding *per se* constitutes cause for his procedural default of claims one, five, six, and seven.

Desmond filed the instant motion to reopen approximately nine months after the dismissal of his Rule 59(e) motion in December 2013. Therefore, to the extent the motion is filed pursuant to Rule 59(e), it is clearly time-barred. *See* Fed. R. Civ. P. 59(e).

To the extent the court should treat the pending motion as filed pursuant to Rule 60(b), the court concludes that it is a "true" Rule 60(b) motion because Desmond's *Cox* argument attacks the integrity of the court's decision to deny his Rule 59(e) motion. The court also notes that the Rule 60(b)(6) motion is timely.

Nevertheless, treating the instant motion as filed under Rule 60(b)(6) does not aid Desmond in his quest for relief. First, the court still adheres to the conclusion it expressed in its December 2013 decision denying Desmond's Rule 59(e)/60(b) motion that *Martinez*'s limited

---

[1] In *Martinez*, the Supreme Court held for the first time that the ineffective assistance of counsel during initial collateral review proceedings, or the failure to appoint counsel during initial collateral review proceedings, may establish cause sufficient to excuse a procedural default of a **claim of ineffective assistance of trial counsel**, when, under state law, claims regarding trial counsel's ineffectiveness can only be raised for the first time in initial collateral proceedings. *Id.* (emphasis added).

5

exception to the procedural default doctrine is inapplicable to Desmond's case, because the four procedurally defaulted claims (claims one, five, six, and seven) at issue were not ineffective assistance of trial counsel claims.[2]

Second, applying the expanded analysis articulated in *Cox* to the Rule 60(b)(6) motion that was filed in April 2013 and denied in December 2013 would not alter the court's decision to deny that motion. In *Cox*, the Third Circuit explained that "one of the critical factors in the equitable and case-dependent nature of the 60(b)(6) analysis on which we now embark is whether the 60(b)(6) motion under review was brought within a reasonable time of the *Martinez* decision." *Cox*, 757 F.3d at 116. Desmond filed the Rule 59(e)/60(b) motion he now seeks to have reconsidered on April 16, 2013, slightly more than one year after the March 2012 *Martinez* decision. Although the Third Circuit has not defined what constitutes a reasonable time for filing a Rule 60(b)(6) motion premised on *Martinez*, the court concludes that waiting one year to file the Rule 59(e)/60(b) motion at issue does not satisfy the "reasonable time" requirement. *See Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that two-year delay was not a reasonable time to bring a Rule 60(b)(6) motion); *Ackerman*, 340 U.S. at 202. The Court also notes that Desmond has not presented any reason for his delay. *See Azbuko v. Bunker Hill Cmty. Coll*, 442 F. App'x 643, 644 (3d Cir. 2011) (per curiam) ("[B]ecause [plaintiff] has

---

[2] As the court explained when it denied Desmond's original habeas petition, Desmond presented claims one, five, six, and seven to the Delaware Superior Court in a Rule 61 motion. The Superior Court denied claim one as procedurally defaulted under Rule 61(i)(3) because he did not raise the claim during his trial or on direct appeal. The Superior Court denied claims five, six, and seven as procedurally barred under Rule 61(i)(4) for being repetitive, because the same arguments were rejected on direct appeal. The Delaware Supreme Court affirmed the Superior Court's judgment. This court ultimately denied claims one, five, six, and seven because Desmond did not demonstrate any cause for, or prejudice resulting from, his default.

provided no explanation for his delay in filing, we agree with the District Court that he has not filed his motion within a reasonable time of the order that he seeks to challenge."); *Choi v. Kim*, 258 F. App'x 413, 415 (3d Cir. 2007).

Moreover, pursuant to *Cox*, a district court reviewing a prisoner's Rule 60(b)(6) motion "may consider whether the conviction and initial federal habeas proceeding were only recently completed or ended years ago." *Cox*, 757 F.3d at 125. As explained by the Third Circuit, "[c]onsiderations of repose and finality become stronger the longer a decision has been settled." *Id.* Here, Desmond's conviction was affirmed in 1994 and his original petition was dismissed on November 16, 1999. The significant amount of time that has elapsed between the dismissal of his petition and the *Martinez* decision provides an additional reason for concluding that the rare relief afforded under Rule 60(b)(6) is not warranted.

Given all of these circumstances, Desmond has failed to persuade the court that it should reconsider its December 2013 denial of the Rule 59(e)/60(b) motion. Accordingly, the court will deny the instant motion to reopen.

## IV. CONCLUSION

For the aforementioned reasons, the court will deny Desmond's motion to reopen. In addition, the court will not issue a certificate of appealability, because Desmond has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

August 21, 2015
DATE

UNITED STATES DISTRICT JUDGE