IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER R. DESMOND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 96-327-GMS |
| | ) | |
| ROBERT SNYDER, | ) | |
| Warden, and ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

**I.   INTRODUCTION**

In 1992, a Delaware Superior Court jury convicted Desmond on multiple counts of first degree robbery, possession of a deadly weapon during the commission of a felony, second degree conspiracy, possession of a deadly weapon by a person prohibited, theft, and third degree escape. His convictions were affirmed on direct appeal. *See Desmond v. State*, 654 A.2d 821 (Del. 1994).

In 1996, Desmond filed a petition for a writ of habeas corpus, which this court denied as meritless. *See Desmond v. Snyder*, 1999 WL 33220036 (D. Del. Nov. 16, 1999). Desmond filed a second petition for habeas relief, which the Honorable Joseph J. Farnan, Jr. dismissed for lack of jurisdiction because it was second or successive. *See Desmond v. Carroll*, Civ. A. No. 02-1501-JJF, Order (D. Del. Oct. 2, 2002). On August 13, 2003, the Court of Appeals for the Third Circuit denied Desmond's application to file a second or successive habeas petition. *See In Re*

*Desmond*, Civ. A. No. 03-2416, Order (3d Cir. Aug. 13, 2003).

Thereafter, Desmond filed in this case a Rule 60(b) motion for reconsideration of the 1999 denial of his first habeas petition, arguing that claims one, five, six, and seven of his 1996 habeas petition should not have been dismissed for being procedurally barred. This court denied the Rule 60(b) motion. *See Desmond v. Snyder*, Civ. A. No. 96-327-GMS, Order (D. Del. Apr. 5, 2006). The Third Circuit Court of Appeals denied Desmond's motion for a certificate of appealability with respect to that decision. *See Desmond v. Snyder*, Civ. A. No. 06-2359, Order (3d Cir. Nov. 30, 2006).

In 2013, Desmond filed a Rule 59(e) motion for reargument, which this court denied. *See Desmond v. Snyder*, Civ. A. No. 96-327-GMS, Memorandum Order (D. Del. Dec. 19, 2013). The Third Circuit Court of Appeals denied Desmond's motion for a certificate of appealability with respect to that decision, *See Desmond v. Snyder*, Civ. A. No. 14-1005, Order (3d Cir. May 29, 2014), and then denied his petition for rehearing. *See Desmond v. Snyder*, Civ. A. No. 14-1005, Order (3d Cir. June 24, 2014) .

In 2014, Desmond filed a motion to reopen the court's 2013 decision denying his Rule 59(e)/Rule 60(b) motion. (D.I. 93) Desmond filed the motion to reopen pursuant to Federal Rules of Civil Procedure 59(e) or 60(b)(6). *Id.* The court denied the motion (D.I. 96; D.I. 97) and, in 2015, the Third Circuit Court of Appeals denied Desmond's motion for a certificate of appealability related to that decision. (D.I. 98)

In 2016, Desmond filed three pending Rule 60(b) motions to reopen/reconsider his habeas case and vacate the court's original decision to deny his petition. (D.I. 101; D.I. 104; D.I. 106; D.I. 107)

## II. STANDARD OF REVIEW

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances, *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). Notably, a motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied the petitioner's federal habeas petition, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the appropriate court of appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

3

## III. DISCUSSION

In his three pending Rule 60(b) motions, Desmond contends that his habeas proceeding should be reopened/reconsidered because: (1) the recent Supreme Court case *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016) demonstrates that *Martinez v. Ryan,* 132 S.Ct. 1309 (2012) applies retroactively to his case (D.I. 101 at 1, 3); and (2) the Delaware state courts and this court failed to give full effect to Delaware Superior Court Criminal Rule 61 by applying a post-conviction rule to defaults that occurred during his pre-conviction presumption of innocence (D.I 104 at 2; D.I. 106 at 2; D.I. 107 at 2). These arguments are unavailing.

In December 2013, the court denied Desmond's Rule 59(e)/Rule 60(b) motion, and the Third Circuit denied Desmond's request for a certificate of appealability with respect to that decision, explicitly noting that Desmond "did not demonstrate that *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) constitutes an extraordinary circumstance [], or that he was harmed by the District Court's failure to entertain his claims. []" (D.I. 92)(internal citations omitted) Less than one month later, on June 12, 2014, the Third Circuit issued a decision in *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014) discussing whether or not the *Martinez* decision constitutes an "extraordinary circumstance" for Rule 60(b)(6) purposes. Notably, the Third Circuit declined to "adopt a *per se* rule that a change in decisional law [such as Martinez], even in the habeas context," was inadequate to constitute an "extraordinary circumstance" for Rule 60(b) purposes. *Id.* at 124. Rather, it explained that a district court should employ a "flexible, multifactor approach to Rule 60(b) motions . . . that takes into account all the particulars of a movant's case." *Id.* at 122. Thereafter, Desmond filed a Rule 59/60(b) motion challenging the court's denial of his 2013 Rule 60(b) motion, arguing that the *Cox* decision demonstrates that the court erroneously denied

his 2013 Rule 59(e)/Rule 60(b) motion on the basis that the *Martinez* decision does not constitute an "extraordinary circumstance" justifying relief under Rule 60(b). The court denied that motion (D.I. 82; D.I. 83), and the Third Circuit denied Desmond's request for a certificate of appealability, explaining that the "change in law effected by *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and discussed by this Court in *Cox v. Horn*, 757 F.3d 113, 124 (3d Cir. 2014) [], does not support Appellant's motion because the procedurally defaulted claims in his § 2254 petition did not involve ineffective assistance of trial counsel." (D.I. 92 at 2); *Desmond v. Warden*, Civ. A. No. 15-3248, Order (3d Cir. Mar. 2, 2016). The Third Circuit's reasoning clearly demonstrates that Desmond's instant *Montgomery/Martinez* argument does not warrant reopening/reconsidering Desmond's habeas petition or previous motions for reconsideration.

The court also rejects Desmond's contention that the Delaware state courts and this court somehow improperly construed Delaware Superior Court Criminal Rule 61 and improperly applied it to his case. His mostly incomprehensible argument that Rule 61 does not apply because he was presumptively innocent before the default occurred does not warrant reopening/reconsidering his habeas petition. To the extent the argument challenges the validity of his convictions, it constitutes an unauthorized second or successive habeas request.

Accordingly, the court will deny the instant three Rule 60(b) motions. Given its determination that Desmond's habeas proceeding should be not be reopened/reconsidered, the court will deny as moot Desmond's motion to appoint counsel (D.I. 103) and his motion to expand the record (D.I. 108).

## IV. CONCLUSION

For the aforementioned reasons, the court will deny Desmond's Rule 60(b) motions to

reopen/reconsider, and deny his other pending motions as moot. In addition, the court will not issue a certificate of appealability, because Desmond has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

_____ 23, 2016
DATE

_____
UNITED STATES DISTRICT JUDGE