IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHRISTOPHER R. DESMOND,
                    Petitioner,

        V.

ROBERT SNYDER, et al, Acting
Warden Phil Parker, James T. Vaughn
Correctional Center,
                    Respondents.

Civ. A. No. 96-327-ms
Desmond v. Snyder
1999 WL 33,220036 (D. Del.
Nov. 16, 1999) (D.I. 54)

Petitioners SUPPLEMENTAL AMENDED FACTS AND
CONCLUSIONS OF LAW SUPPORTING RULE 59(e) RULE 60(b)(6)
RELIEF

In 1996 petitioner Desmond sought federal habeas corpus relief in this court from his unwanted trial and Appellate counsels representation. The court in (D.I. # 54 at * 18-19-20 Thru # 36) held Desmond's unwanted counsel was not ineffective at trial and during appellate proceedings (D.I. # 54 at * 19-20-21-32)

Desmond claims the court's prior Rule 60(b)(6) analysis had omitted one significant element. When Desmond first sought federal habeas relief in 1996, The Coleman decision barred the district court from hearing his claims. Today however, a claim of ineffective assistance of trial counsel defaulted in a Delaware postconviction proceeding may be reviewed in a federal court if state postconviction counsel was constitutionally ineffective in failing to raise it, and the claim has " some merit". Buck v Davis, 2017 U.S. LEXIS 1429 * at 41.



IN (D.I.# 54 at *18) The court held "Athough Desmond exhausted his state remedies by raising Claims, First, fifth, Sixth, seventh, Rule 61 barred The federal court from reviewing Those claims as procedurally defaulted.

IN (D.I.# 54 at *19) The court held "According to Desmond his "inadequately prepared" and "unwanted counsel failed to raise This issue in The criminal proceedings which led to his conviction." Desmond has failed to show That his counsel was ineffective in failing to advance Claim six. (D.I. 54 at *20). Desmond submits a letter received from trial counsel stating That his claims "Desmond raised at trial and direct appeal Pro se brief" (see D.I.# 33 at *6-7) defaulted by his unwanted counsel, " I have reviewed the legal argument That you put forth and it is both meritorious and well Written," page 8 . The court is aware Desmond's Claims in issue Six of being convicted of 8 counts of Robbery First Degree in violation of 11 Del. C. § 832 without the State having to establish a "Theft" for each victim is contrary to Clearly established federal law. United States v. Bousley, 523 U.S. 614 (1998); United States v. Frady, 456 U.S. 152, 167-168 (1982). The state as much conceded this point That both Bridges and Owens would apply to The facts of Desmond's Case if it were on direct appeal." pg 9-10 Desmond only Needed to show his claim had "Some merit" for postconviction review. Buck, 2017 U.S. LEXIS 1429 * 41 (quoting Martinez, 566 U.S. at 14, 132 S. Ct. 1309, 182 L.Ed. 2d 272; Trevino, 569 U.S. at ___, 133 S.Ct. 1911, 185 L.Ed. 2 d 1044, 1053.

IN (D.I. 54 at *24) desmond claimed he was denied his Sixth Amendment Right to proceed pro se. Buhl v. Cookely, 233 F.3d 783, 806 (3rd Cir. 2000). The court held " According to desmond, he was subsequently unable to comply with several of the state's procedural rules because he was saddled with a unwanted an ill-prepared attorney who impeded his progress during trial and appeal." "Desmond also claimed that when he attempted to raise some issues with the delaware supreme court directly, its clerk informed him that he could only submit filings through his counsel. As a result he was effectively barred from raising certain issues on direct appeal." (D.I. #33 at *6-7), (D.I. 54 at *25).

Desmond submits a States Response Brief pgs 11-13 in which it conceds defendants have a right to present points of error pro se, desmond complied with the supreme court rule raising for direct review his U.S. v. Cronic, claim in that he was denied his right to counsel (himself) at trial and he and the unwanted counsel where in direct conflict of interest during trial resulting in desmond filing two in-trial-ineffective assistance-of counsel motions and a third motion to inquire by the court of counsel and desmond's dispute over his defense. All the motions were denied until the initial Collateral proceedings. When Desmond filed his initial postconviction the court held him procedurally barred State v. Desmond, 1995 WL 717628 at *1-4 (Del super. Nov. 16, 1995).

When Desmond filed his initial habeas corpus petition (D.I.# 1) he claimed (D.I.# 1 at # 9-10-11-) He and trial counsel were in conflict of interest because of the different defenses he and counsel wanted Desmond repeated his objections to his unwanted counsel (D.I.# 1 at 10-11).

The courts failed to conduct a merit review of Desmond's claims rather they were held procedurally barred Desmond, 1995 WC 717628 at # 2; (D.I. 54 at # 18). Depite Desmond, having attempted to raise his claims on direct appeal (D.I.# 33 at # 6-7); Desmond, 654 A.2d 821, at 828-29. Desmond could not have procedurally defaulted his pro se conflict of counsel claims under superior court criminal Rule 61(i)(3) (D.I.# 54 at # 18). Because Desmond's claim one has some merit and falls under a Cronic review not Strickland, because its a structural defect in the trial proceedings Arizona v. Fulminate, 279 U.S. 310-311 (1991).

The Buck, decision centered on a "prisoners inability to present a claim of trial error (for merit review) this was of particular concern when the claim was one of "ineffective assistance of counsel at trial" which is a bedrock principle in our justice system." Martinez, 132 S.Ct. at 1317. Moreover, Issue one in this case does not involve an ordinary (IAC) claim. But rather a total denial of counsel of choice claim Luis v. U.S, 136 S.Ct. 1086, 1089 (2016).

4



The United States Supreme Court has considered the wrongful deprivation of the right to counsel a "structural defect" that so "affects the framework within which the trial proceeds" that courts may not even ask whether the error harmed the defendant. United States v. Gonzalez-Lopez, 548 U.S. 140, 148, 126 S.Ct. 2557, L. Ed. 2d 409 (2004)(internal quotation marks omitted); see id. at 150, 126 S.Ct. 2557. The court's " Actual prejudice" (at D.I. # 54 at *25) is contrary to Gonzalez-Lopez in Desmond was denied his right to a " trial counsel of his choice" himself, which he could not have defaulted (D.I.# 33 at *6-7) which allowed a unwanted trial counsel to present a defense over Desmond's objections (D.I. # 2 at * 2-4). This undermined the integrity of Desmond's trial and criminal justice system overall, yet the district court failed to consider the extraordinary circumstances identified by desmond in (D.I. # 1)(D.I.#82) and improperly treated him like any other case involving a procedural default and change in decisional law. (D.I.# 110 - D.I.# 111). By contrast, the Third Circuit have held that martinez is relevant and must be considered along with all the equitable factors identified by the petitioner to determine whether Rule 60(b) relief is warranted. The court in Cox v. Horn, 757 F.3d 113, 122 (3rd cir 2014), explained that the fifth circuit's categorical approach fails to consider the full set of facts and circumstances attendant to Rule 60(b)(6) motion under review." Cox, 757 F.3d at 124.

The respondents and court contend That desmonds claims in his initial postconviction and Habeus corpus cannot support a finding of extraordinariness because they "have been repeatedly and exhaustively reviewed by lower and this court," The respondents and court is wrong.

First, desmonds denial of counsel (himself) claim has never received full merit review. Because the claim was defaulted, Desmond, 1995 WL 717628 at *1-4) (D.I. # 54 at 18) It was not until the court announced its decisions in Martinez v. Ryan, (2012) and Trevino v. Thaler, 133 S.Ct 1911 (2013) creating for The first time, an opportunity for federal review of defaulted claims of trial counsels ineffectiveness (conflict) That desmond had a opportunity to litigate it.

Second, The explicit denial of counsel of choice and being convicted of Non-crimes which has been condemned by The courts created a structural error which cannot be dismissed by The court and constitutes Extraordinary fundamental error. Rule 60(b)(6)

The Role of Martinez in a 60(b) motion

The Third circuit has held That Martinez is among The equitable circumstances That may support a motion for Rule 60(b) relief.

The State and trial counsel conceding Desmond's
Claims of Being unconstitutionally convicted of
Eight Counts of Robbery First Degree Is Extraodinary

The trial counsel and state conceding had Desmond
been on direct appeal raising his claims, which where
included within his direct appeal Pro se brief defaulted
by his unwanted counsel and Delaware Supreme court
Clerk (D.I.#33 at *6-7) Supports entitlement to
Rule 60(b) relief. Because had he been afforded his
Pro se merit review during his direct appeal there was
No Procedural default of Those claims.

WHEREFORE, petitioner respectfully moves the court grant
a limited Habeas corpus petition allowing Desmond to be
appointed counsel and pursue his claims raised during
trial in a direct appeal pro se brief in state court.

Date: JULY 19, 2017

Georgey E. Smith
Deputy Attorney General
820 N. French Street
Wilmington Delaware
19801

Christopher R. Desmond
JTVCC
1191 Paddock Road
Smyrna Delaware
19977

7

FIGLIOLA & FACCIOLO

ATTORNEYS-AT-LAW

1813 MARSH ROAD – SUITE A

WILMINGTON, DELAWARE 19810

ANTHONY A. FIGLIOLA, JR.

PHILIP J. FACCIOLO, JR.*

*ADMITTED IN PA AND DE

AREA CODE 302

PHONE: 475-0460

FAX: 475-0463

September 27, 2010

Christopher Desmond
SBI# 160380
J. T. V. C. C.
1181 Paddock Road
Smyrna, DE 19977

Dear Christopher:

I'm glad to see you're still fighting.  I have reviewed the legal argument that you put forth and it is both meritorious and well written.  The issue you are going to be faced with is that the cited case law is Superior Court cases and not Supreme Court cases, so it is possible that it may need to get through Superior Court and then go to Supreme Court before you can win.  The other issue that you haven't dealt with, that you may want to take a look at, is that if the Court deems Bridges and Owens changed existing law, would the change in that law be retroactive.  I think that may be the key area regarding the final outcome.  They could very well say that you are right, but at the time of your conviction, the law was different.  Again, I haven't researched the issue, this is just some thoughts off the top of my head.  Good luck.

Respectfully yours,

Anthony A. Figliola, Jr.

AAF/mcf

2009); and *State v. Owens*, 2010 WL 2892701 (Del. Super. Ct. July 16, 2010).

In his federal habeas petition, Desmond raised a claim that his robbery convictions involving multiple victims but only one source of property (cash) violated double jeopardy. *Desmond v. Snyder*, 1999 WL 33220036, at *11. Desmond has refined that claim, but fundamentally still contends that he should only have been convicted for one count of robbery related to each business. Superior Court correctly found this claim to be procedurally barred.

The State does not concede that either *Bridgers* or *Owens* would apply to the facts in Desmond's case if it were on direct appeal. But here Desmond has appealed from the denial of his seventh motion for post-conviction relief. These decisions from the Superior Court cannot amount to a new rule that requires retroactive application.

In *Flamer v. State*, 585 A.2d 736, 749 (Del. 1990), this Court adopted the same general rule of non-retroactivity for cases on collateral review employed by the United States Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989).

> A postconviction relief court need apply only the constitutional standards that prevailed at the time the original proceedings took place. The application of a constitutional rule not in existence at the time a conviction became final

> seriously undermines the principal of finality
> which is essential to the operation of our
> criminal justice system.  Without finality, the
> criminal law is deprived of much of its deterrent
> effect.  Therefore, we hold that new
> constitutional rules of criminal procedure will
> *not* be applicable to those cases which have
> become final before the new rules are announced,
> unless the rule falls within one of two
> exceptions .... Under the first exception, a new
> rule should be applied retroactively if it places
> certain kinds of primary, private individual
> conduct beyond the power of the criminal
> lawmaking authority to prescribe .... Under the
> second exception, a rule may apply retroactively
> if it requires the observance of those procedures
> that are implicit in the concept of ordered
> liberty.

*Flamer*, 585 A.2d at 749 (internal citations omitted,

emphasis in original).  This Court recently re-affirmed the

use of a *Teague* analysis and the general rule of non-

retroactivity for cases on collateral review in *Richardson*

*v. State*, 3 A.3d 233, 238-40 (Del. 2010).

The Superior Court's decision in *Bridgers* clearly did

not announce a new rule of constitutional law.  Nor did

*Bridgers* place any kind of private conduct beyond the power

of criminal lawmaking authority to proscribe.  Rather, the

Superior Court limited the definition of what persons

amount to victims of a robbery, as opposed to aggravated

menacing.  The existence of these cases does not provide

Desmond with a means to avoid the procedural bars of

61(i)(1), (2), (3) and (4) to this claim.

Westlaw.

2012 WL 160577 (Del.Supr.)                                                                                    Page 1

For Opinion See 44 A.3d 922

Supreme Court of Delaware.
Shuron JOHNSON, Defendant-Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff-Below, Appellee.
No. 410, 2011.
January 5, 2012.

On Appeal from the Superior Court of the State of Delaware in and for New Castle County

State's Response to Rule 26 (C) Brief

The State of Delaware submits the following in response to appellant's Rule 26(c) brief:

1. On July 9, 2010, Shuron Johnson entered a Rite Aid on Kirkwood Highway. He went directly to an aisle and placed 16 bottles of Dove bodywash and 2 flash drives in his pants. A store surveillance camera captured the crime. Daniel Akakpo, the store manager attempted to stop Johnson from leaving by blocking his exit with shopping carts. Johnson forced his way past the carts. Another store employee, Paul Gildea, joined Akakpo in attempting to stop Johnson. Johnson responded by displaying a silver box-cutter and warning Gildea and Akakpo to "stay the fuck away."

2. Shortly after Johnson fled, several State police officers spotted him at a gas station located at the intersection of Kirkwood Highway and St. James Church Road. Johnson's pants were tied at his ankles by shoe laces. After failing to produce identification and being unable to state when or where a bus had dropped him off in the area, police patted Johnson down and felt several large objects stuffed inside his pant legs. Police took Johnson into custody. One victim came to the gas station and identified Johnson as the robber. Johnson later confessed to waving a knife at the store employees, and police subsequently located a box knife near a pay phone where Johnson stated he threw the weapon. Police recovered the 16 bottles of body wash and 2 flash drives in a U-haul near the store where Johnson admitted to leaving the merchandise.

3. Delaware State Police arrested Johnson on July 10, 2010. (D.I. 1). A New Castle County grand jury indicted Johnson on August 16, 2010 on the following charges: two counts of robbery in the first degree (11 Del. C. § 832); possession of a deadly weapon during the commission of a felony (11 Del. C. § 1447); and possession of a deadly weapon by a person prohibited (11 Del. C. § 1448). (D.I. 2). On April 21, 2011, Johnson pled guilty to one count of robbery in the first degree and one count of the lesser included offense of robbery in the second degree, in exchange for which the prosecution dismissed the balance of the indictment. (D.I. 12). On May 9, 2011, Johnson, pro se, filed a motion to withdraw his guilty plea. (D.I. 15). On July 7, 2011, the State moved to declare Johnson a habitual offender. (D.I. 17). On July 29, 2011, Superior Court denied Johnson's motion to withdraw his guilty plea, declared Johnson a habitual offender as to his conviction for robbery in the second degree, and sentenced Johnson to a total non-suspended period of 8 years in prison.[FN1] (D.I. 24).

> FN1. The sentence order more specifically provided: robbery in the first degree-8 years at level V, suspended after 3 years for 5 years at level IV half-way house, in turn suspended after 6 months for level III probation; robbery in the second degree-5 years at level V. Ex. A to Op. Brf. The State only moved

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.


to have Johnson declared a habitual offender as to the robbery in the second degree conviction.

4. On appeal, defense counsel has moved to withdraw under Delaware Supreme Court Rule 26(c). The standard and scope of review applicable to this Court's consideration of a motion to withdraw and accompanying brief under Rule 26(c) is two-fold: (1) this Court must be satisfied that defense counsel has in fact made a conscientious review of the record and law for arguable claims; and (2) this Court must conduct its own review of the record to determine that the appeal is so totally devoid of at least arguably appealable issues that it can be decided without adversary presentation. See Penson v. Ohio, 488 U.S. 75, 83 (1988) (quoting *McCoy v. Court of Appeals*, 486 U.S. 429 (1988)); *Anders v. California*, 386 U.S. 738, 744 (1967); *Robinson v. State*, 953 A.2d 169, 171 (Del. 2008). If this Court finds that the record fairly presents non-frivolous claims, then defense counsel should be permitted to withdraw and new counsel appointed. *See Penson*, 488 U.S. at 83.

5. Defense counsel states that he has made a conscientious examination of the record and the law and concluded that an appeal is wholly without merit. (Motion to Withdraw). Defense counsel also states that he has provided Johnson with: a copy of the motion to withdraw; a copy of the Rule 26(c) brief in draft form along with a complete copy of the suppression hearing and sentencing transcripts; and a letter from counsel explaining the Rule 26(c) brief and requesting that Johnson provide counsel within 30 days with any points that Johnson himself wishes the Court to consider on appeal. (Attorney Statement attached to Motion to Withdraw). Counsel has attached the points that Johnson wishes this Court to consider. Johnson listed 11 points, and all but one relate to his motion to withdraw his guilty plea. Regarding the motion to withdraw his guilty plea, Johnson's claims all sound in ineffective assistance of counsel. Johnson's remaining claim relates to ineffective assistance of counsel on appeal.

6. In *Johnson v. State*, 962 A.2d 233, 234 (Del. 2008),[FN2] this Court held that because the defendant's challenge to her guilty plea related to her attorney's effectiveness in advising her to plead guilty, her claim must first have been raised in a Rule 61 motion for post-conviction relief. Because the existing record did not permit the defense attorney in *Johnson* to respond to the allegations regarding the guilty plea, this Court dismissed the claim without prejudice. *Id.* This Court followed its holding in Johnson in *Hallett v. State*, 201 WL 987028, at *1 (Del. Apr. 8, 2010).

> FN2. "The same reasons that inform our refusal to consider cases alleging ineffective assistance of counsel on direct appeal apply with equal force to cases involving the withdrawal of a guilty plea based upon allegations that the defendant did not understand the consequences of pleading guilty. Accordingly, we conclude that if the claim challenging the trial court's acceptance of a guilty plea has not been addressed on the merits by the trial court, we will not consider it on direct appeal."

7. Johnson's present points of error require the same result. In his tenth point, Johnson himself states, "My motion to withdraw plea should also be considered Ineffective Counsel claim since largest portion is an ineffectiveness and this is named in motion." Ex. B to Op. Brf.

8. Johnson's only other claim challenges the effective assistance of his appellate counsel for filing a 26(c) brief rather than raising the points regarding his motion to withdraw his guilty plea. Such a claim is similarly not ripe for review.

9. The judgment of the Superior Court should be affirmed.

Dated: January 5, 2012

Shuron JOHNSON, Defendant-Below, Appellant, v. STATE OF DELAWARE, Plaintiff-Below, Appellee.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.



2012 WL 160577 (Del.Supr. ) (Appellate Brief )

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.