IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER R. DESMOND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 96-327-GMS |
| | ) | |
| DANA METZGER, | ) | |
| Warden, and ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM

### I. INTRODUCTION

In 1992, a Delaware Superior Court jury convicted Desmond on multiple counts of first degree robbery, possession of a deadly weapon during the commission of a felony, second degree conspiracy, possession of a deadly weapon by a person prohibited, theft, and third degree escape. His convictions were affirmed on direct appeal. *See Desmond v. State*, 654 A.2d 821 (Del. 1994).

In 1996, Desmond filed a petition for a writ of habeas corpus, which this court denied after finding four claims were procedurally barred and three claims were meritless. *See Desmond v. Snyder*, 1999 WL 33220036 (D. Del. Nov. 16, 1999). Desmond filed a second petition for habeas relief, which the Honorable Joseph J. Farnan, Jr. dismissed for lack of jurisdiction because it was second or successive. *See Desmond v. Carroll*, Civ. A. No. 02-1501-JJF, Order (D. Del. Oct. 2, 2002). On August 13, 2003, the Court of Appeals for the Third

Circuit denied Desmond's application to file a second or successive habeas petition. *See In Re Desmond*, Civ. A. No. 03-2416, Order (3d Cir. Aug. 13, 2003).

In 2005, Desmond filed a Rule 60(b) motion for reconsideration of the 1999 denial of his first habeas petition, arguing that claims one, five, six, and seven of his 1996 habeas petition should not have been dismissed for being procedurally barred. This court denied the Rule 60(b) motion. *See Desmond v. Snyder*, Civ. A. No. 96-327-GMS, Order (D. Del. Apr. 5, 2006). The Third Circuit Court of Appeals denied Desmond's motion for a certificate of appealability with respect to that decision. *See Desmond v. Snyder*, Civ. A. No. 06-2359, Order (3d Cir. Nov. 30, 2006).

In November 2011, Desmond filed a petition for writ of mandamus, contending that his first degree robbery convictions should be vacated pursuant to *State v. Bridgers*, 988 A.2d 939 (Del. Supr. Ct. 2007) and *State v. Owens*, 2010 WL 2892701 (Del. Super. Ct. July 16, 2010). *See Desmond v. Phelps*, 2012 WL 3518531 at *1 (D. Del. Aug. 15, 2012). The Honorable Leonard P. Starks dismissed the petition after determining that it constituted an unauthorized second or successive habeas petition. *Id.* at *2.

In 2013, Desmond filed a Rule 59(e)/Rule 60(b) motion for reargument, which this court denied. *See Desmond v. Snyder*, Civ. A. No. 96-327-GMS, Memorandum Order (D. Del. Dec. 19, 2013). The Third Circuit Court of Appeals denied Desmond's motion for a certificate of appealability with respect to that decision,[1] and then denied his petition for rehearing. *See Desmond v. Snyder*, Civ. A. No. 14-1005, Order (3d Cir. June 24, 2014).

---

[1] *See Desmond v. Snyder*, Civ. A. No. 14-1005, Order (3d Cir. May 29, 2014).

In September 2014, Desmond filed a Rule 59(e)/Rule 60(b) motion to reopen the court's 2013 decision denying his Rule 59(e)/Rule 60(b) motion. (D.I. 93) The court denied the 2014 Rule 59/Rule 60(b) motion (D.I. 96; D.I. 97), and the Third Circuit denied Desmond's request for a certificate of appealability. (D.I. 102)

In 2016, Desmond filed several more Rule 60(b) motions to reconsider the court's denial of his habeas petition (D.I. 101; D.I. 104; D.I. 106; D.I. 107), which this court denied. (D.I. 110; D.I. 111) The Third Circuit denied Desmond's request for a certificate of appealability. (D.I. 119)

Presently pending before the court is Desmond's newest Rule 59(e)/Rule 60(b) motion to reopen ("motion to reopen") both his original petition and his 2016 Rule 60(b) motions. (D.I. 123 at 1; D.I. 124) Desmond argues that that the court should vacate its prior decisions in "D.I. 54, D.I. 110, [and] D.I. 111, because those decisions conflict directly with the United States Supreme Court's decision in *Buck* [*v. Davis,* 137 S.Ct. 759 (2017)]." (D.I. 123 at 1) After filing the pending motion to reopen, Desmond filed two motions to amend his motion to reopen (D.I. 124; D.I. 129), and a motion for the appointment of counsel (D.I. 125).

## II. STANDARD OF REVIEW

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli,* 337 F.3d 282, 288 (3d Cir. 2003). For instance, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli,* 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule

3

59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion filed pursuant to Rule 59(e) must be filed no later than twenty-eight days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e).

In contrast, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances,[2] but may be granted only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). Notably, a motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied the petitioner's federal habeas petition, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

---

[2]*Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

4

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the appropriate court of appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## III. MOTIONS

Desmond filed two motions to amend his motion to reopen. His first motion to amend his motion to reopen (D.I. 124) merely expands the arguments in his motion to reopen. His second motion to amend his motion to reopen (D.I. 129) asserts that his convictions should be vacated pursuant to *State v. Bridgers*, 988 A.2d 939 (Del. Supr. Ct. 2007) and *State v. Owens*, 2010 WL 2892701 (Del. Super. Ct. July 16, 2010). The court will grant both of these motions, and will consider the motion to reopen as including the amendments.

Desmond also filed a motion to appoint counsel. (D.I. 125) As set forth below, the court concludes that it must deny the instant amended motion to reopen. Therefore, it will deny Desmond's motion to appoint counsel as moot. (D.I. 125)

## IV. DISCUSSION

In November 1999, the court dismissed Desmond's original habeas petition after concluding that three claims lacked merit and four claims were procedurally barred from habeas review. (D.I. 54) In August 2016, Desmond filed three Rule 60(b) motions challenging that decision. To the extent the three motions alleged that his original habeas case should be reopened under *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Cox v. Horn*, 757 F.3d 113, 124 (3d


Cir. 2014), the court treated the motions as true Rule 60(b) motions but denied them because the *Martinez* decision does not constitute an extraordinary circumstance warranting reopening of the case. To the extent the three Rule 60(b) motions challenged the validity of Desmond's convictions, the court denied them as unauthorized second or successive habeas petitions. (D.I. 110; D.I. 111)

Turning to Desmond's instant motion to reopen, the court notes that Desmond's argument concerning *Bridgers* and *Owens* does not attack the manner in which the decisions denying Desmond's original habeas petition and his 2016 Rule 60(b) motions were procured. Rather, the *Bridgers/Owens* argument constitutes a second or successive habeas request because it challenges his underlying convictions.[3] The record indicates that Desmond did not obtain permission from the Third Circuit before filing the instant Rule 60(b) motion. Therefore, the court will dismiss the *Bridgers/Owens* argument for lack of jurisdiction.

To the extent the instant motion to reopen asserts that Desmond has demonstrated extraordinary circumstances under *Buck* which warrant reopening his original habeas proceeding and/or reconsidering his 2016 Rule 60(b) motions, the court finds that the motion constitutes a true Rule 60(b) motion. In *Buck*, the Supreme Court reiterated the well-settled principle that "relief under Rule 60(b)(6) is available only in extraordinary circumstances." *See Buck*, 137 S.Ct. at 778. The *Buck* Court also explained that a court may consider a wide range of factors when determining if extraordinary circumstances are present and, in appropriate cases, those

---

[3] The court notes that the Honorable Leonard P. Stark already denied an identical argument in 2012 after determining it constituted an unauthorized second or success habeas request. *See Desmond*, 2012 WL 3518531, at *2.

6

factors may include "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Id.* The Third Circuit has interpreted *Buck* as permitting a court to consider "the severity of the underlying constitutional violation [as] an equitable factor that may support a finding of extraordinary circumstances under Rule 60(b)(6)." *Satterfield v. Dist. Att'y Phila.*, 872 F.3d 152, 163 (3d Cir. 2017).

Nevertheless, after reviewing Desmond's *Buck* argument in context with the record, the court concludes that Desmond has failed to establish there are extraordinary circumstances warranting reopening his habeas case and/or the previously denied 2016 Rule 60(b) motions. To begin, the Third Circuit agreed with this court's reasoning for denying Desmond's 2016 Rule 60(b) motions when it denied Desmond's request for a certificate of appealability, again reiterating that the "change in law effected by *Martinez* [], and discussed by this Court in *Cox* [], does not support Appellant [Desmond's] motion because the procedurally defaulted claims in his § 2254 petition did not involve ineffective assistance of trial counsel." (D.I. 110 at 5) Significantly, the Supreme Court's decision in *Buck* does not alter the Third Circuit's reasons for denying Desmond's certificate of appealability, because *Buck* does not

> hold that the change in law announced in *Martinez* and *Trevino* by itself constitutes an extraordinary circumstance that justifies relief under Rule 60 (b)(6). There, the Supreme Court found that extraordinary circumstances existed to justify relief under Rule 60(b)(6) before addressing the issue of whether *Martinez* and *Trevino* applied to the case. The extraordinary circumstances were that Buck "may have been sentenced to death in part because of his race," [and our] "law punishes people for what they do, not who they are."

*Williams v. Kelley*, 2017 WL 1395613, at *4 (E.D. Ark. Apr. 18, 2017)(internal citations omitted).

Second, Desmond does not present any convincing argument that the circumstances in his case are as extraordinary as those in *Buck*. For instance, Desmond's unsupported statement that he is the "only Delaware prisoner to face a life sentence for crimes Delaware courts have decided are not criminal" does not demonstrate a "risk of injustice" amounting to an extraordinary circumstance in the manner contemplated by *Buck,* nor does it establish it a risk of undermining public confidence in the justice system if the court refuses to grant him relief. In other words, Desmond has failed to demonstrate how *Buck*'s "equitable principles" warrant reopening his habeas case.

In short, Desmond has failed to persuade the court that it should reconsider its denial of his original petition or his 2016 Rule 60(b) motions. Accordingly, the court will deny the instant motion to reopen.

## V. CONCLUSION

For the aforementioned reasons, the court will deny Desmond's amended motion to reopen and his motion to appoint counsel. In addition, the court will not issue a certificate of appealability, because Desmond has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

Jan 23, 2018
DATE

UNITED STATES DISTRICT JUDGE