IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER R. DESMOND, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 96-327-VAC |
| | : | |
| ROBERT MAY, | : | |
| Warden, and ATTORNEY | : | |
| GENERAL OF THE STATE OF | : | |
| DELAWARE, | : | |
| | : | |
| Respondents. | : | |

**M E M O R A N D U M**

**I.      INTRODUCTION**

In 1992, a Delaware Superior Court jury convicted Petitioner on multiple counts of first degree robbery, possession of a deadly weapon during the commission of a felony, second degree conspiracy, possession of a deadly weapon by a person prohibited, theft, and third degree escape.  His convictions were affirmed on direct appeal.  *See Desmond v. State*, 654 A.2d 821 (Del. 1994).

In 1996, Petitioner filed in this Court a petition for a writ of habeas corpus, which the Honorable Gregory M. Sleet denied after finding four claims were procedurally barred and three claims were meritless.  *See Desmond v. Snyder*, 1999 WL 33220036 (D. Del. Nov. 16, 1999).  The Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability with respect to that decision.  (D.I. 64)

Petitioner filed a second petition for habeas relief in 2002, which the Honorable Joseph J. Farnan, Jr. dismissed for lack of jurisdiction because it was second or successive. *See Desmond v. Carroll*, Civ. A. No. 02-1501-JJF, Order (D. Del. Oct. 2, 2002). On August 13, 2003, the Court of Appeals for the Third Circuit denied Petitioner's application to file a second or successive habeas petition. *See In Re Desmond*, Civ. A. No. 03-2416, Order (3d Cir. Aug. 13, 2003).

In 2005, Petitioner filed a Rule 60(b) motion for reconsideration of the 1999 denial of his first habeas petition, arguing that claims one, five, six, and seven of his 1996 habeas petition should not have been dismissed for being procedurally barred. Judge Sleet denied the Rule 60(b) motion. *See Desmond v. Snyder*, Civ. A. No. 96-327-GMS, Order (D. Del. Apr. 5, 2006). The Third Circuit Court of Appeals denied Petitioner's motion for a certificate of appealability with respect to that decision. *See Desmond v. Snyder*, Civ. A. No. 06-2359, Order (3d Cir. Nov. 30, 2006).

In November 2011, Petitioner filed a petition for writ of mandamus, contending that his first degree robbery convictions should be vacated pursuant to *State v. Bridgers*, 988 A.2d 939 (Del. Supr. Ct. 2007) and *State v. Owens*, 2010 WL 2892701 (Del. Super. Ct. July 16, 2010). *See Desmond v. Phelps*, 2012 WL 3518531 at *1 (D. Del. Aug. 15, 2012). The Honorable Leonard P. Stark dismissed the petition after determining that it constituted an unauthorized second or successive habeas petition. *Id*. at *2. The Third Circuit affirmed that decision and, to the extent a certificate of appealability was sought, denied that. *See Desmond v. Phelps*, C.A. No. 12-3552, Order (3d Cir. Mar. 15, 2013).

2

In 2013, Petitioner filed a Rule 59(e)/Rule 60(b) motion for reargument in this case – concerning the 1999 denial of his habeas petition – which Judge Sleet denied. *See Desmond v. Snyder*, Civ. A. No. 96-327-GMS, Memorandum Order (D. Del. Dec. 19, 2013). The Third Circuit Court of Appeals denied Petitioner's motion for a certificate of appealability with respect to that decision,[1] and then denied his petition for rehearing. *See Desmond v. Snyder*, Civ. A. No. 14-1005, Order (3d Cir. June 24, 2014).

In September 2014, Petitioner filed a Rule 59(e)/Rule 60(b) motion to reopen Judge Sleet's 2013 decision denying his Rule 59(e)/Rule 60(b) motion. (D.I. 93) Judge Sleet denied the 2014 Rule 59/Rule 60(b) motion (D.I. 96; D.I. 97), and the Third Circuit denied Petitioner's request for a certificate of appealability. (D.I. 102)

In 2016, Petitioner filed several more Rule 60(b) motions to reconsider the 1999 denial of his original habeas petition (D.I. 101; D.I. 104; D.I. 106; D.I. 107), which Judge Sleet denied. (D.I. 110; D.I. 111) The Third Circuit denied Petitioner's request for a certificate of appealability. (D.I. 119)

In 2017, Petitioner filed another Rule 59(e)/Rule 60(b) motion to reopen ("motion to reopen") both his original petition and his 2016 Rule 60(b) motions. (D.I. 123 at 1; D.I. 124) Petitioner argued that the Court should vacate its prior decisions in "D.I. 54, D.I. 110, [and] D.I. 111, because those decisions conflict directly with the United States Supreme Court's decision in *Buck* [*v. Davis,* 137 S.Ct. 759 (2017)]." (D.I. 123 at 1) Judge Sleet denied those motions in January 2018 after determining that some claims raised therein constituted a second or

---

[1] *See Desmond v. Snyder*, Civ. A. No. 14-1005, Order (3d Cir. May 29, 2014).

3

successive habeas request, and the remaining claims failed to warrant reconsideration under Rule 60(b).  (D.I. 130; D.I. 131)  The Third Circuit denied Petitioner's request for a certificate of appealability, holding, "Jurists of reason would not debate the District Court's conclusion that [Petitioner's] motion was, in part, an unauthorized second or successive habeas petition over which the District Court lacked jurisdiction, and, in part, a 'true' Rule 60(b) motion that did not meet the standard for relief under Rule 60(b)."  (D.I. 136)

Presently pending before the Court are Petitioner's newest Rule 59(e)/Rule 60(b) Motions to Reconsider the denial of his original habeas petition in 1999.  (D.I. 137; D.I. 138)  Citing *Wooden v. United States*, 142 S.Ct. 1063 (2022), Petitioner contends that the Court should reconsider the denial of his habeas petition and vacate his convictions for multiple counts of first degree robbery because those counts stem from one occasion/incident.

## II.  STANDARD OF REVIEW

A motion for reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59(e)  or Federal Rule of Civil Procedure 60(b).  Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose.  *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).  For instance, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error."  *Fiorelli*, 337 F.3d at 288.  The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.  *Max's Seafood Café v. Quinteros*, 176

4

F.3d 669, 677 (3d Cir. 1999).  A motion filed pursuant to Rule 59(e) must be filed no later than twenty-eight days after the entry of the judgment.  *See* Fed. R. Civ. P. 59(e).

In contrast, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances,[2] but may be granted only in extraordinary circumstances.  *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).  Notably, a motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided.  *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied the petitioner's federal habeas petition, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits.  However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

---

[2] *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

5

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff,* 404 F.3d at 817; *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). If a habeas petitioner files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

**III.    DISCUSSION**

Petitioner's original habeas petition was denied in 1999 because three claims lacked merit and four claims were procedurally barred from habeas review. (D.I. 54) Petitioner filed the instant Motions to Reconsider that decision more than twenty years after the dismissal of his habeas petition. Therefore, to the extent the Motions are filed pursuant to Rule 59(e), they are clearly time-barred. *See* Fed. R. Civ. P. 59(e).

To the extent the Court should treat Petitioner's two Motions to Reconsider as though filed pursuant to Rule 60(b), they do not attack the manner in which the decision denying Petitioner's original habeas petition was procured. Rather, Petitioner's contention that his convictions are no longer valid after *Wooden* constitutes a second or successive habeas request because: (1) it challenges the same underlying convictions that were challenged in his 1999 petition; (2) the dismissal of the claims in Petitioner's original petition as procedurally barred and meritless constitutes an adjudication on the merits for second or successive purposes, *see Jackson v. Johnson*, 2015 WL 5005795, at *1 (D. Del. Aug. 21, 2015); and (3) Petitioner raised

6

in his original habeas petition a similar argument that he should not have been convicted of multiple counts of robbery because they arose from the same incident.[3] *See Desmond*, 1999 WL 33220036, at *4, *11. The record indicates that Petitioner did not obtain permission from the Third Circuit before filing the instant successive habeas requests. Consequently, the remaining question is whether the Court should dismiss the unauthorized second or successive Motions or transfer them to the Third Circuit. The answer depends on if Petitioner has alleged sufficient facts to satisfy the gatekeeping provisions of 28 U.S.C. § 2244. *See United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015) ("There was no reason for the District Court to transfer [the second or successive petition] to this Court because [petitioner's] argument ... does not prima facie satisfy the §§ 2244 and 2255(h) standard.").

Section 2244(b)(2) provides that a court must dismiss a second or successive habeas petition unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

---

[3]To the extent Petitioner's citation to the 2022 Supreme Court *Wooden* decision is an attempt to demonstrate that his instant argument was not available when he filed his original petition, the argument is unavailing. The *Wooden* decision involves a provision of the Armed Career Criminal Act ("ACCA"), which is a federal statute, not a Delaware criminal statute, and is therefore inapplicable to Petitioner's case.

7

28 U.S.C. § 2244(b)(2). Since the *Wooden* decision does not involve, or create, a new applicable rule of constitutional law that has been made retroactive on collateral review, the Court concludes that it would not be in the interest of justice to transfer the instant second or successive habeas requests to the Court of Appeals for the Third Circuit. Accordingly, the Court will dismiss the Motions for lack of jurisdiction.

### V. CONCLUSION

For the aforementioned reasons, the Court will deny Petitioner's Motions to Reconsider the denial of his habeas petition. In addition, the Court will not issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

Dated: August 5, 2022         /s/ Richard G. Andrews
                              UNITED STATES DISTRICT JUDGE